UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EARL ARNOLD,

        Plaintiff,                    CIVIL ACTION NO. 16-cv-13403

        v.                             DISTRICT JUDGE JUDITH E. LEVY

CRAIG HUTCHISON, M.D.,        MAGISTRATE JUDGE MONA K. MAJZOUB
and RICHARD HARBAUGH, R.N.

        Defendants.
_____/


## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RELEASE ALL MEDICAL RECORDS [11] AND GRANTING IN PART DEFENDANT HUTCHISON'S MOTION TO COMPEL DISCOVERY [22]

Plaintiff Earl Arnold, a former prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan,[1] filed this *pro se* civil rights Complaint against Defendants R. Harbaugh, a registered nurse and employee of the Michigan Department of Corrections ("MDOC"), and Dr. Craig Hutchison, the Director of Correctional Medical Services for Corizon Health Services, a contractor of MDOC. (Docket no. 1.) Before the Court are Plaintiff's Motion to Release all Medical Records (docket no. 11), and Defendant Hutchison's Motion to Compel Discovery from Plaintiff (docket no. 22).[2] Neither party has responded to either motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 9.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of

---

[1] Plaintiff is now residing at the Hornes Boarding House in Flint, Michigan. (Docket no. 8.)

[2] Also before the Court are Plaintiff's Motion for Summary Judgment (docket no. 12) and Defendant Harbaugh's Motion for Summary Judgment (docket no. 14), which the Court will address in a separately-issued Report and Recommendation.

1

Michigan Local Rule 7.1(f)(2).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.    **Background**

Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs by not properly treating his hepatitis C, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act, 29 U.S.C. §§ 701–718.  (Docket no. 1 at 4.)  Specifically, he claims that Defendants "have a blanket policy of allowing patient[']s condition to worsen to a deadly stage before treating."  (*Id.*)  He also alleges that Defendants' failure to properly treat his Hepatitis constitutes a "depriv[ation] of a right secured by the Federal Constitution," and appears to assert a claim under 42 U.S.C. § 1983.  (*Id.* at 4, 6.)  Finally, near the end of his Complaint, Plaintiff writes, "[m]ay I add to this claim a medical malpractice claim." (Docket no. 1 at 11.)

Plaintiff sues Defendants in their individual and official capacities, and seeks $500,000 in damages.  He also asks the Court to: 1) order "the production of the (CDC) Center for Disease Control's essential treatment protocols" and the "Medical Associations current preeminent treatment protocols," and 2) order "Dr. Hutchison, and R. Harbaugh to immediately start proper treatment . . . and to change the current policies in place that cause[] present and future Hepatitis C patients to wait until their disease is causing cirrhosis before treatment." (*Id.* at 5.)

II.   **Governing Law**

Before the Court are two discovery motions.  The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case.  Fed. R. Civ. P.

26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

## III. Analysis

The entirety of Plaintiff's Motion consists of the following: "I Earl Arnold #308227 ask the Court for full discovery. I motion the defendants and court to release all medical records,

and telemedicine consultation with infections disease specialist. Thank you." (Docket no. 11.) Plaintiff does not indicate whether Defendants were served with formal Rule 34 discovery requests (or whether MDOC was served with a subpoena) prior to filing the Motion. For this reason, the Court will deny Plaintiff's discovery request. Discovery requests must be served upon a party, such as Defendant, pursuant to Federal Rule of Civil Procedure 34. Requests for information from third parties must be served in accordance with Federal Rule of Civil Procedure 45. Filing a motion to compel is not the proper way to commence discovery. If Plaintiff properly serves Defendants with a discovery request and they still do not produce the medical records Plaintiff seeks, Plaintiff is free to file a new motion to compel.

Defendant Hutchison's Motion to Compel (docket no. 22) also concerns Plaintiff's medical records. Defendant Hutchison served Plaintiff with a request for the production of documents on February 1, 2017. (Docket no. 22-1). Through the request, Defendant Hutchison asked Plaintiff to sign and return an authorization for the release of his MDOC medical records dating from March 25, 2013, to the present. (Docket no. 22-1.) On March 17, 2017, Defendant Hutchison filed his Motion to Compel, indicating that Plaintiff had yet to sign and return the authorization. (Docket no. 22.) These medical records are clearly relevant in this case, where Plaintiff contends that Defendants have acted with deliberate indifference to his serious medical needs. The dates requested are reasonable, as Plaintiff's own prison grievances indicate that his condition dates back to December 2012. (*See* Docket no. 1 at 13.) Moreover, Plaintiff himself has asked the Court to order Defendants to produce his medical records, so it is in Plaintiff's interest to sign and return the authorization. The Court will grant therefore Defendant Hutchison's Motion in part and order Plaintiff to sign the authorization and return it to Defendant Hutchison.

Defendant Hutchison also asks the Court to award him attorney fees and costs incurred in filing the Motion to Compel, pursuant to Federal Rule of Civil Procedure 37(a)(5). (Docket no. 22 at 11–12.) In the alternative, Defendant Hutchison asks the Court to order that Plaintiff be prohibited from seeking economic damages due to Plaintiff's failure to respond to the discovery request. (*Id.* at 12.) Plaintiff is proceeding *pro se* and *in forma pauperis*, and lives in a boarding house after having been released from prison in October. (Docket nos. 5, 8.) The Court will therefore deny Defendant Hutchison's request for costs and fees. The Court also will not sanction Plaintiff by prohibiting him from seeking economic damages at this time. Plaintiff is, however, advised that any further failure to comply with discovery—for example, by not complying with this Order in a timely fashion thereby forcing Defendants to seek further assistance from the Court—could result in sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Release all Medical Records [11] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Hutchison's Motion to Compel Discovery from Plaintiff [22] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is ordered to sign and return the medical authorization/release to Defendant Hutchison by Friday, May 19. Defendant Hutchison's request for fees and costs or other sanctions is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 3, 2017      s/ Mona K. Majzoub
                        MONA K. MAJZOUB
                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

    I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  May 3, 2017         <u>s/ Lisa C. Bartlett</u>
                                      Case Manager